UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff(s),        CASE NUMBER: 05-80272
                                      HONORABLE VICTORIA A. ROBERTS

v.

ALLEN EDWARDS,

        Defendant(s).
_____/

## ORDER DENYING MOTION TO CONDUCT TEST FIRING OF FIREARM

      This matter is before the Court on Defendant Allen Edwards' Motion to Conduct Test Firing of Firearm. Defendant was charged in a one-count indictment with felon in possession of a firearm, in violation of 18 U.S.C. §922(g)(1). On May 25, 2005, a jury found Defendant guilty.

      Approximately four months after the verdict, Defendant requests that the Court compel the Government to allow him to test fire the weapon he was convicted of possessing. Detroit Police Department Officer Jeremy Channells testified that he saw Defendant fire a Saiga SKS assault rifle with the magazine introduced at trial. Defendant testified and denied possessing or firing the weapon. Now, however, Defendant asserts that he believes that the firearm will not operate with the magazine that was introduced into evidence. Therefore, he says it is impossible for Officer Channells to have seen him firing the weapon with that magazine.

Because the purpose and authority for Defendant's motion is not stated or apparent, the Court denies Defendant's motion. Defendant does not indicate what he intends to do with the requested post-verdict discovery, should his suspicions be proven correct. The Court surmises that this motion is a prelude to a motion for a new trial. However, as stated, the verdict in this case was rendered approximately four months prior to Defendant's filing of this motion. Except when based on newly discovered evidence, a defendant must file a motion for a new trial within seven days of a verdict or finding of guilt. Fed. R. Cr. P. 33(b)(2). A motion for new trial based on newly discovered evidence may be filed within three years of a verdict or finding of guilt. Fed. R. Cr. P. 33(b)(1).

Here, the seven-day time limit has passed and Defendant does not assert that his current belief regarding the validity of Officer Channell's testimony is based on newly discovered evidence. Indeed, he cannot deny that he was aware at the time of trial of the type of weapon and magazine he was alleged to have possessed and fired. Consequently, there is no apparent basis for a motion for new trial, or any other motion for which the results of a test fire would be relevant.[1] Defendant also does not cite any authority for his request. For all of these reasons, Defendant's motion is **DENIED**.

---

[1] The Court met with counsel for the Government and Defendant in chambers regarding this motion. During that meeting defense counsel provided additional information that was not placed on the record and is not set forth in the motion. The Court cannot, however, rely on those disclosures in assessing Defendant's request.

**IT IS SO ORDERED.**

                                                    s/Victoria A. Roberts
                                                    Victoria A. Roberts
                                                    United States District Judge

Dated: October 18, 2005

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 18, 2005.

s/Linda Vertriest
Deputy Clerk

---